# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
12/16/2025
CT Log Number 550886288

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | Emily Barbara<br>Xanterra, Inc.<br>6312 S FIDDLERS GREEN CIR STE 600N<br>GREENWOOD VILLAGE, CO 80111-4920 |
| **RE:** | **Process Served in South Dakota** |
| **FOR:** | Xanterra Parks & Resorts, Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: PATRICIA KURTZ // To: Xanterra Parks & Resorts, Inc. |
| **CASE #:** | None Specified |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Pierre, SD |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/16/2025 at 11:50 |
| **JURISDICTION SERVED:** | South Dakota |
| **ACTION ITEMS:** | CT will retain the current log<br><br>Image SOP<br><br>Email Notification,  Emily Barbara  ebarbara@xanterra.com<br><br>Email Notification,  Jennifer Land  jennifer.land@tac-denver.com<br><br>Email Notification,  Clare Conway  clare.conway@xanterra.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>319 South Coteau Street<br>Pierre, SD 57501<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| **Date:** | Tue, Dec 16, 2025 |
| **Server Name:** | Drop Service |

| Entity Served | XANTERRA PARKS & RESORTS, INC. |
|---|---|
| Case Number | |
| Jurisdiction | SD |

| Inserts |
|---|
| | | |



| | |
|---|---|
| STATE OF SOUTH DAKOTA ) | IN CIRCUIT COURT |
| ) | |
| COUNTY OF PENNINGTON ) | SEVENTH JUDICIAL CIRCUIT |
| | |
| PATRICIA KURTZ ) | |
| ) | |
| Plaintiff, ) | |
| ) | SUMMONS |
| vs. ) | |
| ) | |
| XANTERRA PARKS AND ) | |
| RESORTS, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

THE STATE OF SOUTH DAKOTA TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to answer the Complaint of the Plaintiff herein, a copy of which Complaint is hereto attached and herewith served upon you, and you are to serve a copy of your Answer to such Complaint upon the subscriber at his law office at 1134 Main Street, Sturgis, South Dakota 57785, within thirty (30) days after the completed service of this Summons upon you, exclusive of the day of such service.

YOU ARE FURTHER NOTIFIED: That if you fail to answer as above required, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

Dated this 25 day of November, 2025.

STRAIN MORMAN LAW FIRM

By: _____
Michael W. Strain
*Attorney for the Plaintiff*
1134 Main St. - P.O. Box 729
Sturgis, South Dakota 57785
(605) 347-3624

| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA | ) | IN CIRCUIT COURT |
| | ) | |
| COUNTY OF PENNINGTON | ) | SEVENTH JUDICIAL CIRCUIT |
| | | |
| PATRICIA KURTZ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | |
| XANTERRA PARKS AND | ) | |
| RESORTS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW, the Plaintiff, and for her cause of action against the Defendants, state and alleges as follows:

I.

Plaintiff, Patricia Kurtz is an individual residing in, Waunakee, Wisconsin.

II.

Defendant, Xanterra Parks and Resorts, INC, a Delaware Corporation, who is authorized and does business as a foreign corporation in the State of South Dakota, and at Mt. Rushmore through a contract with the National Park Service.

III.

On or about May 2, 2023, at Mt. Rushmore National Park, Pennington County, South Dakota, the Plaintiff was visiting the Mt. Rushmore National Monument, and elected to go into the place of business operated by the Defendant to avail herself of their services.

At the time, there was internal construction and maintenance going on with the business property leased and controlled by the Defendant, and the Plaintiff, while sitting in the Defendants place of business, was struck from behind by a construction wall while falling down on her and injuring her.

At the time of the entrance of the Plaintiff, internal construction and maintenance going on which was being conducted by the Defendant on the property leased by the Defendant. The Plaintiff, while sitting in the Defendants place of business, was struck from behind by a construction wall falling down on her and injuring her.

IV.

Defendant breached its duties to the Plaintiff as a business invitee, by negligently and not properly maintaining the property under construction, the areas associated with the construction project, monitoring and participating in construction process during normal business hours, and fail to warn the Plaintiff of the dangerous conditions on said business premises created by the conditions related to the construction and improper securing of temporary walls and actions performed by Defendants employees..

V.

As a direct and proximate result of the above described negligence of the Defendants, Plaintiff sustained numerous severe and painful injuries to her person, both temporary and permanent.

VI.

Due to the above-described negligence of the Defendant, which is directly caused the injuries sustained by the Plaintiff, Plaintiff has been required to and has incurred bills and expenses for the services of various medical providers and other expenses related to the treatment of the injuries she sustained in the subject accident. Further, Plaintiff will incur future medical bills as a result of treatment and services required, has suffered in the past and will continue to suffer physical pain and suffering, and loss of enjoyment of life all in an amount to be determined by the jury.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For the actual expenses incurred for medical bills and treatments; together with pre-judgment interests;

2. For present and future medical bills and lost wages;

3. For such other monetary compensation as to fully compensate for past, present and future physical pain, emotional distress, alienation, loss of consortium, economic loss, and loss of enjoyment of life sustained by Plaintiff in a sum to be determined by the jury; and

4. For such other and further relief as the Court deems just and equitable.

Dated this 25 day of November, 2025.

STRAIN MORMAN LAW FIRM

By: _____
Michael W. Strain

                                  Attorney for Plaintiff
                                  PO Box 729
                                  Sturgis, SD  57785
                                  (605) 347-3624
                                  mike@mormanlaw.com

**TRIAL BY JURY IS HEREBY DEMANDED**

| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA | ) | IN CIRCUIT COURT |
| | ) | |
| COUNTY OF PENNINGTON | ) | SEVENTH JUDICIAL CIRCUIT |

| | |
|---|---|
| PATRICIA KURTZ ) | |
| ) | |
| Plaintiff, ) | **PLAINTIFFS FIRST SET OF** |
| ) | **INTERROGATORIES AND** |
| vs. ) | **REQUEST FOR PRODUCTION** |
| ) | **OF DOCUMENTS TO** |
| XANTERRA PARKS AND ) | **DEFENDANT** |
| RESORTS, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

TO: DEFENDANT, XANTERRA PARKS AND RESORTS, INC.:

### INTERROGATORIES

1. Please state the full name, address, job title, and present employer of each person answering and assisting in answering these Interrogatories on behalf of Defendant.

2. State the name and address of each person, including experts, having any knowledge of the relevant facts related to the accident which is the basis of this suit, the cause thereof, or the damages resulting therefrom.

3. State the name, address, and telephone number of any persons who witnessed the occurrence in question.

4. State the name and address of any potential party to this lawsuit, not already named as a party hereto.

5. Please state whether or not you have a copy of any statement, which the Plaintiff has previously made concerning this action or its subject matter and which is in your possession, custody, or control.

6. Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to

indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured, the name of the insurer, and the amount of any liability insurance coverage.

7. Describe in your own words how the incident occurred and state specifically and in detail what the claim or contention of the Defendant will be regarding any case or contributing cause of the incident, including a statement in detail of the facts or information upon which this contention is based.

8. Please describe in detail any previous incidents of which Defendant is aware which occurred in substantially the same way as Plaintiff Patricia Kurtz's accident at any Xanterra Parks and Resorts, Inc. property.

9. Please describe in detail any subsequent incidents of which Defendant is aware which occurred in substantially the same way as Plaintiff Patricia Kurtz accident at any Xaneterra Parks and Resorts, Inc. property.

10. Please describe in detail any changes that have been made by Defendant in the physical site of the accident or to the warnings or signs relating thereto since the occurrence in question.

11. Did the Defendant conduct an investigation of the incident which forms the basis of this suit?

12. Was it in the regular course of business and standard procedure for the Defendant to investigate any accident on the premises wherein somebody was injured?

13. Please state the name of the person or persons who conducted the investigation of the occurrence in question.

14. What is the Defendant's contention as to the cause of the accident which forms the basis of this suit?

15. If you contend that Plaintiff Patricia Kurtz was not a business invitee at the time of the occurrence in question, please state and describe each fact, document or thing on which you base such a contention.

16. When was the date and time of the last inspection by Defendant, its agents or employees, of the physical site where this accident occurred?

17. Describe what efforts the defendant made to warn of the condition or defect which Plaintiffs allege to be the location and cause of the occurrence in question?

18. Please describe any claims or lawsuits that have heretofore been brought against this Defendant by reason of an accident or injury at the same or similar location, or a similar type of accident on the defendant's premises at some other location.

19. Did the Defendant have any procedures for regular inspection of the premises at the time of the occurrence in question? If so, please describe it.

20. Please identify all photographs, motion pictures, video TV recordings, maps, drawings charts, diagrams, measurements, surveys or other documents concerning the events happenings made the basis of this lawsuit, the area of the occurrence made the basis of this lawsuit, persons or objects involved, either made before, at the time of or after the time of the events in question, including any photographs made of you at any time since the incident made the basis of this lawsuit, that you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of.

Dated this __ Day of November, 2025.

## REQUEST FOR PRODUCTION OF DOCUMENTS

That the above-named Plaintiff, Patricia Kurtz, pursuant to S.D.C.L. 15-6-34(b), Rules of Civil Procedure, and any acts amendatory thereto, demands production of documents to the following Requests within thirty (30) days of the service upon you of said Request for Production of Documents.

REQUEST #1: Any indemnity agreement between any party to this case and non-party that is relevant to the accident and injuries that are the basis of this suit.

REQUEST #2: Any and all photographs and videos that the Defendant has of the scene of the incident, the areas of construction as referenced in the Plaintiffs Complaint, or the

resulting injuries to the above-named Plaintiff.

REQUEST #3: Any and all expert reports which have been obtained from any expert and, if a report has not been prepared, the preparation of a report is hereby requested.

REQUEST #4: Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of the judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

REQUEST #5: Copies of any and all statements previously made by Defendant concerning the subject matter of this lawsuit, including any written statement signed, or otherwise adopted or approved, and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by the Defendant hereto and contemporaneously recorded.

REQUEST #6: Any and all drawings, maps or sketches of the scene of the accident which have been made the basis of this lawsuit.

REQUEST #7: A copy of any surveillance movies or photographs which have been made of Plaintiff.

REQUEST #8: Any and all expert reports that were or will be relied upon in whole or in part by any testifying expert to this case.

REQUEST #9: Any and all expert reports or things that were or will be reviewed by a testifying expert in this case.

REQUEST #10: Any and all work papers, notes, or documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

REQUEST #11: All documents or tangible things prepared by any expert whom you expect to call as a witness including, but not limited to, those which would include in his report, factual observations, opinions, conclusions, photographs, field notes, calculations, models, and exhibits.

REQUEST #12: Any treatises or authoritative literature which any expert intends to rely on in his testimony in this case.

REQUEST #13: A current copy of the curriculum vitae of any expert who may be called to testify at trial.

REQUEST #14: Any and all books, documents, photographs, or other tangible things which

may be used at the time of trial, which may have a bearing on this cause of action.

REQUEST #15: Any and all documents and tangible things whose production has not yet been requested pursuant to any other item of this request which you intend to offer into evidence at the trial of this case.

REQUEST #16: Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case, which may be used as demonstrative evidence at trial.

This Request for Production is deemed to be ongoing in nature. In the event that said Request for Production is not completed as set forth above, then the request should be supplemented.

Dated this 25 day of November, 2025.

STRAIN MORMAN LAW FIRM

By: /s/Michael W. Strain
Michael W. Strain
*Strain Morman Law Firm*
1134 Main St. - P.O. Box 729
Sturgis, South Dakota 57785
(605) 347-3624
mike@mormanlaw.com